UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
Juan Perez,

                                        **Plaintiff**

            -against-                                        **COMPLAINT**

Bronstein Properties LLC

                                        **Defendant**
-------------------------------------------------------------------X

## JURISDICTION AND VENUE

1. **Federal Question Statute**: Fair Labor Standard Act ("FLSA")

2. **Jurisdictional Statute**: 28 U.S.C. §1331 (Federal Question).

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 over all non-federal claims asserted herein.

4. **Basis for venue.** A substantial part of the events or omissions giving rise to the claim occurred in Eastern District of New York.

## THE PARTIES

5. Plaintiff Juan Perez("Perez") resides at 746 St Nicholas Ave. Apt 8, New York, NY 10031.

6. On information and belief, Bronstein Properties LLC ("**BP**") is a business located at 108-18 Queens Boulevard, Suite 302, Forest Hills, NY, 11375.

7. During any period of time whatsoever during the six years immediately preceding the filing of this Complaint, BP performed one or more of the following actions: (1) hire the Plaintiff, (2) terminate the employment of the Plaintiff, (3) set the wage rate of Plaintiff, (4) maintain payroll records concerning the Plaintiff, or (5) institute work rules for the Plaintiff.

## BACKGROUND FACTS.

**PLAINTIFF PEREZ**

8. The Defendants employed Plaintiff as a W2 non-exempt wage earner.

9. The Defendants hired Plaintiff on or around December 17, 2021.

10. Plaintiff stopped working for the Defendant on or around March 7, 2024.

11. Defendant employed Plaintiff as a Superintendent.

12. Plaintiff's duties included performing various duties such as cleaning and maintaining the

building.

13. Plaintiff worked for the Defendant in the 2024 calendar year.

14. Plaintiff worked for the Defendant in the 2023 calendar year.

15. Plaintiff worked for the Defendant in the 2022 calendar year.

16. Plaintiff worked for the Defendant in the 2021 calendar year.

17. From December 2021 until April 2023, Plaintiff regularly worked approximately 51.5 hours per week.

18. From April 2023, Plaintiff worked approximately 54.5 hours per week.

19. Plaintiff worked for Defendant for approximately 2 weeks in 2021.

20. Plaintiff worked for Defendant for approximately 48 weeks in 2022.

21. Plaintiff worked for Defendant for approximately 48 weeks in 2023.

22. Plaintiff worked for Defendant for approximately 9 weeks in 2024.

23. Plaintiff's general work schedule was Monday to Friday from 7:30 a.m. to 4:00 p.m., Saturday and Sunday from 7:30 a.m. to 12:00 p.m.

24. From April 2, 2023, Plaintiff would have to work an additional hour on Monday, Wednesday, and Friday due to the state trash recollection schedule.

25. Plaintiff typically worked 7 days per week, with no days off.

26. Defendant paid Plaintiff on a salary basis.

27. Defendant paid Plaintiff biweekly.

28. Plaintiff never had the power to hire or fire employees, control employee work hours, or otherwise control other employee work conditions.

**Unpaid Overtime Facts**

29. Defendant failed to pay Plaintiff an overtime premium equal to 1.5x Plaintiff's regular rate.

30. Instead of paying Plaintiff an overtime premium of 1.5x Plaintiff's regular pay rate, Defendant did not pay Plaintiff for any of the hours worked over 40 per week.

31. Defendant engaged in this unlawful overtime pay practice from Plaintiff's whole term of employment.

**Unpaid Minimum Wages Facts**

32. Defendant failed to pay Plaintiff at least the prevailing minimum wage for all hours worked.

33. Plaintiff received a net payment of $686.91 biweekly in 2021 for two weeks of work.

34. Plaintiff received a net payment of $686.91 biweekly in 2022 for two weeks of work.

35. Plaintiff received a net payment of $724.80 biweekly in 2023 for two weeks of work.

36. Plaintiff received a net payment of $791.54 biweekly in 2024 for two weeks of work.

37. Defendant engaged in this unlawful minimum wage pay practice from Plaintiff's whole term of employment.

**Failure to Provide Paystubs**

38. The Defendants failed to provide Plaintiff with an accurate statement of wages with each payment of wages that set forth Plaintiff's hours worked, rates of pay, gross wages, credits claimed (for tips, meals, and lodging), if any, deductions, and net wages.

**Failure to Provide Wage Notice**

39. Withing ten (10) days of Plaintiff's first day of work, Defendant failed to provide Plaintiff with a written notice containing the following information:

    i. whether paid by the hour, shift, day, week, salary, piece, commission or other allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances;

    ii. the regular pay designated by the employer in accordance with NYLL §191;

    iii. the name of the employer;

    iv. Any "doing business as" names used by the employer;

    v. The physical address of the employer's main office or principal place of business, and a mailing address, if different;

    vi. The telephone number of the employer.

### FIRST CAUSE OF ACTION
**(Failure to pay overtime wage)**
**(29 SC 201 et. seq; The Fair Labor Standards Act)**

40. All allegations are hereby repeated, re-alleged and reincorporated as though fully set forth

herein.

41. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.,* and the supporting federal regulations, apply to Defendant and protect the Plaintiff.

42. Defendant failed to pay Plaintiff overtime wages to which Plaintiff is entitled under the FLSA and the supporting Federal Regulations.

43. Because of Defendant's unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

44. Defendant's unlawful conduct, as described in this Complaint, has been willful and intentional. Defendant were aware or should have been aware that the practices described in this Complaint are unlawful. Defendant have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

45. Because Defendant violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## SECOND CAUSE OF ACTION
**(Failure to pay wages)**
**NY Lab. Law §191**

46. All allegations are hereby repeated, re-alleged, and reincorporated as though fully set forth herein.

47. Under NY Lab. Law §191, an employer is required to pay an employee within one week of the services performed by the employee.

48. Defendant failed to pay the Plaintiff wages as required by NYLL §191 by not paying wages within the statutory time-period.

49. Because of Defendant unlawful withholding of wages, Plaintiff suffered harm.

## THIRD CAUSE OF ACTION
**(Unlawful Wage Deductions)**
**NY Lab. Law §193**

50. All allegations are hereby repeated, re-alleged and reincorporated as though fully set forth herein.

51. Under NY Lab. Law §193, an employer is prohibited from making any deduction from an employee's wages unless authorized by statute.

52. As set forth herein, Defendant made wage deductions from the Plainitiff wages that were not permitted under the statute.

53. Because of Defendant's unlawful withholding of wages, Plainitiff suffered harm.

## FOURTH CAUSE OF ACTION
### (Failure to pay Overtime Wages)
### (*NYLL §652 et. seq.*; The New York Labor Law)

54. All allegations are hereby repeated, re-alleged and reincorporated as though fully set forth herein.

55. The overtime wage provisions of the New York Labor Law and its supporting regulations apply to Defendant and protect the Plaintiffs.

56. Defendant failed to pay Plaintiff overtime wages to which Plaintiff is entitled under the New York Labor Law and the supporting New York State Labor Regulations.

57. By Defendant knowing or intentional failure to pay Plaintiff overtime minimum wages for hours worked, they have willfully violated the New York Labor Law, and the supporting New York State Department of Labor Regulations.

58. Due to Defendant violations of the New York Labor Law, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorney's fees and costs of the action, and pre-judgment and post-judgment interest from the Defendant.

## FIFTH CAUSE OF ACTION
### (Failure to pay minimum wage)
### (NYLL §652 et. seq. NY State Minimum Wage Act)

59. All allegations are hereby repeated, re-alleged, and reincorporated as though fully set forth herein.

60. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendant and protect the Plaintiffs.

61. Defendants failed to pay Plaintiff minimum wages to which Plaintiff is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

62. By Defendant knowing or intentional failure to pay Plaintiff minimum wages for hours worked, they have willfully violated NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor Regulations.

63. Due to Defendant violations of the NYLL, Plaintiff is entitled to recover unpaid minimum wages, liquidated damages, reasonable attorney's fees and costs of the action, and pre-judgment and post-judgment interest from theDefendant.

## SIXTH CAUSE OF ACTION

**(Failure to provide wage notices)**
**(NY Lab. Law §198(1-b) & NY Lab. Law §198(1-d))**

64. All allegations are hereby repeated, re-alleged and reincorporated as though fully set forth herein.

65. Pursuant to the Wage Theft Prevention Act, New York Labor Law, §195, Defendant willfully failed to furnish Plainitiff with a required notice containing the following information:

    a. the rates or rates of pay and basis thereof,
    b. whether paid by the hour, shift, day, week, salary, piece, commission or other allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances;
    c. the regular pay designated by the employer in accordance with NYLL §191;
    d. the name of the employer;
    e. Any "doing business as" names used by the employer;
    f. The physical address of the employer's main office or principal place of business, and a mailing address, if different;
    g. The telephone number of the employer

66. Defendant willfully failed to furnish Plainitiff with an accurate statement of wages as required by NYLL §195(3), containing the dates of work covered by that payment of wages; name of the employee; name of the employer; address and phone number of employer; rate or rates of pay and basis thereof; whether paid by hour, shift, day, week, salary, piece, commission, or other; gross wages; hour rate or rates of pay, and overtime rates of pay; the number of hours worked, including over time hours; deductions, allowances, and net wages.

67. Due to Defendants' violation of NYLL §195(1), Plaintiff is entitled to recover from Defendant, liquidated damages of $50 per each workday that the violation occurred, up to a maximum of $5,000, reasonable attorney fees, and costs and disbursements of this action, pursuant to NYLL § 198(1-b).

68. Defendant failed to provide Plainitiff an accurate statement with each payment of wages that sets forth Plaintiff's hours worked, rates of pay, gross wages, credits claimed (for tips, meals and lodging) if any, deductions and net wages.

69. Due to Defendants' violation of NYLL §195(3), Plaintiff is entitled to recover from Defendant liquidated damages of $250 per each workday that the violation occurred, up to a maximum of $5,000, reasonable attorney fees, and costs and disbursements of this action, pursuant to NYLL § 198(1-d).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks all available remedies available under all causes of action listed herein this Complaint, and any and all of remedies that the Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Fed. R. Civ. P., Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated:   White Plains, New York
        May 6, 2024

EL-HAG & ASSOCIATES, P.C

*Jordan El-Hag*
Jordan El-Hag, Esq.
777 Westchester Ave, Suite 101
White Plains, N.Y, 10604
(914) 218-6190 (p)
(914) 206-4176 (f)
Jordan@elhaglaw.com
www.elhaglaw.com
